FILED
2008 Jun-16 AM 09:12
U.S. DISTRICT COURT
N.D. OF ALABAMA

FILED
2008 JUN 13 PM 12 35
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BETH WEBSTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: _____ |
| | ) JURY TRIAL DEMANDED |
| AMSHER COLLECTION SERVICES, INC., | ) |
| a domestic corporation, and TRANS UNION, LLC, | ) CV-08-AR-1052-S |
| a foreign limited liability corporation, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

COMES NOW Plaintiff, by and through the undersigned attorney, and would show unto this Court as follows:

### PRELIMINARY STATEMENT

1. This petition is an action for statutory and actual damages, including injunctive and declaratory relief, brought by an individual consumer (hereinafter referred to as "Plaintiff") against Defendants, jointly and severally, for violations of both the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq.* (hereinafter referred to as "FDCPA"), and the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (hereinafter referred to as "FCRA").

2. In addition, this petition seeks actual, compensatory, statutory, and/or punitive damages under Alabama state law and the Alabama Deceptive Trade Practices Act, Ala. Code 1975 § 8-19-1, *et seq.* (hereinafter referred to as "ADTPA"), pursuant to this Court's

pendent and supplemental jurisdiction.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under the FDCPA, 15 U.S.C. § 1692k(d), the FCRA, 15 U.S.C. § 1681p, 28 U.S.C. § 1331, and the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Defendants' violations of Plaintiff's rights, as alleged herein, occurred in Shelby County, Alabama, and were committed within the Southern Division of the Middle District of Alabama.

## PARTIES

4. Plaintiff BETH WEBSTER (hereinafter referred to as "WEBSTER" or "Plaintiff") is a natural person and a resident and citizen of Shelby County, the State of Alabama, and of the United States. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Ala. Code 1975 § 8-19-3(2).

5. Defendant AMSHER COLLECTION SERVICES, INC. (hereinafter referred to as "AMSHER" or "Defendant") is a domestic corporation engaged as "debt collectors" as defined by and within the meaning of the FDCPA, 15 U.S.C. § 1692a(6), and as a "person" as defined under Ala. Code 1975 § 8-19-3(5), engaged in the business of collecting debts in this State where AMSHER regularly collects or attempts to collect debts owed or due or asserted to be owed or due another and whose principal purpose is the collection of debts using the mails and telephone.

6. Defendant TRANS UNION, LLC (hereinafter referred to as "TRANS UNION" or "Defendant") is a foreign corporation licensed to do business within the State of

Alabama. TRANS UNION is a consumer reporting agency, as defined in section 1681a(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in section 1681a(d) of the FCRA, to third parties.

**FACTUAL ALLEGATIONS**

7. Plaintiff restates and reiterates herein all previous paragraphs.

8. Plaintiff filed bankruptcy and was discharged on January 31, 2006, with all Defendants receiving a copy of the discharge order. The case number is 05-11957-TOM7 and it was filed in the Northern District of the Alabama Bankruptcy Court.

9. Despite their receipt of the aforementioned court order, Defendant AMSHER continues to report Plaintiff's accounts to one or more of the three national consumer reporting agencies (hereinafter referred to as "CRAs") as having current balances due and payable rather than reflecting that such were discharged in bankruptcy. More specifically, Defendant AMSHER shows balances of $165, $240, $260 and $288 on TRANS UNION.

10. Defendant AMSHER has intentionally and maliciously failed and/or refused to either accurately report the accounts as having been discharged in bankruptcy or notify the CRAs that such accounts have a zero balance as a result of being discharged in bankruptcy.

11. Plaintiff's credit reports, credit worthiness, and credit scores have been negatively impacted by the inaccurate reporting of Defendant AMSHER.

12. Defendant AMSHER has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental

distress and emotional anguish, and other damages that will be presented to the jury.

13. Defendant AMSHER knew and knows that a discharge order means Plaintiff no longer owe the debt and has no personal liability to Defendant. However, Defendant has made a corporate decision to willfully and maliciously act contrary to their knowledge in a calculated decision to violate the requirements to properly update Plaintiff's accounts.

14. Defendant AMSHER has a policy and procedure to refuse to properly update credit reports of consumers, such as Plaintiff, who have discharged their debts. The reason is to keep false information on their credit reports. The false information consists of a balance shown as owed absent any reference to the debt being discharged in Bankruptcy.

15. Defendant AMSHER updates numerous accounts each month with allegedly the correct information regarding the balances but has willfully and maliciously refused to do so with Plaintiff and other consumers who are similarly situated.

16. Defendant AMSHER has willfully and maliciously failed to report Plaintiff's accounts as having a "0" balance as required by 16 CFR § 607(6) which states, "a consumer report may include an account that was discharged in bankruptcy (as well as the bankruptcy itself), as long as it reports a zero balance due to reflect the fact that the consumer is no longer liable for the discharged debt."

17. Defendant AMSHER has promised, through its subscriber agreements or contracts with the CRAs, to update accounts that have been discharged in bankruptcy but it has willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the FCRA, FDCPA, ADTPA, federal law and state law which has resulted in this information remaining on Plaintiff's credit reports.

18. Defendant AMSHER has a policy to "park" its accounts on at least one of the Plaintiff's credit reports. This industry-specific term refers to keeping a false balance (or false account) on the credit report so that the consumer will be forced to pay off the balance in order to obtain refinancing, qualify for a loan, or increase the consumer's credit score from the artificially lowered score which directly resulted from the Defendant's intentional and malicious conduct.

19. In order to provide background information on the practices of the credit industry related to the purchasing and collection of discharged debt (including collection by leaving false balances on credit reports otherwise known as "parking"), Plaintiff refers this Honorable Court to the November 12, 2007, article "Prisoners of Debt" in Business Week. This article may be located at http://www.businessweek.com/magazine/content/07_46/b4058001.htm.

20. In the context of parking an account, Defendant AMSHER has an obligation and duty under federal and state law to accurately report the balance and it willfully and maliciously refuses to do so.

21. Defendant AMSHER has agreed to and understands it must follow the requirements of the FCRA including:

   a) 15 U.S.C. § 1681(a)(1)(a) which states, "[a] person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate."

   b) 15 U.S.C. § 1681(a)(1)(B) which states, "[a] person shall not furnish information relating to a consumer to any consumer reporting agency if -

  (i) the person has been notified by the consumer[1], at the address specified by the person for such notices, that specific information is inaccurate; and

  (ii) the information is, in fact, inaccurate."

 c) 15 U.S.C. § 1681(a)(2) which states, "[a] person who -

  (A) regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer; and

  (B) has furnished to a consumer reporting agency information that the person determines is not complete or accurate,

shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the agency complete and accurate, and shall not thereafter furnish to the agency any of the information that remains not complete or accurate."

22. Defendant AMSHER knows that parking a balance will lead to the publication of false and defamatory information every time Plaintiff's credit reports are accessed. However, Defendant intentionally and maliciously intends to force Plaintiff, and others similarly situated, to pay on an account that has been disharged.

23. Plaintiff's credit reports have been accessed since the discharge and therefore the false information of Defendant AMSHER has been published to third parties.

---

[1] The notice here comes from the federal bankruptcy court relating directly to the consumer.

24. When the consumer pays the "parked" account, Defendant AMSHER claims that such payment was merely "voluntarily" or to pay off a "moral obligation." Defendant knows and intends that, by willfully and maliciously parking the account on the credit report, an illegal payment can be extorted from the consumer.

25. Despite receiving disputes regarding their false reporting, Defendant AMSHER has intentionally and knowingly maintained its policy of keeping false and damaging information on at least one of Plaintiff's credit reports.

26. Defendant AMSHER has a practice of maliciously, willfully, recklessly, wantonly, and/or negligently violating, ignoring, and refusing to follow the requirements of the FCRA, FDCPA, ADTPA, federal law and state law.

27. All actions taken by employees, agents, servants, or representatives of any type for Defendant AMSHER were taken in the line and scope of such individuals' (or entities') employment, agency, or representation.

28. The actions of Defendant AMSHER were malicious, wanton, reckless, intentional or willfull, and performed with either the desire to harm Plaintiff, and/or with the knowledge that its actions would very likely harm Plaintiff, and/or that its actions were taken in violation of the law.

29. Defendant AMSHER has engaged in a pattern and practice of wrongful and unlawful behavior with respect to accounts and consumer reports which subjects it to punitive and statutory damages, and all other appropriate measures to punish and deter similar future conduct.

30. The actions, omissions, misrepresentations, and violations of the FCRA, FDCPA, federal

law, and state law of Defendant AMSHER, regarding Plaintiff's alleged debts, as described herein, constitute harassment which has resulted in the negligent and intentional infliction of mental and emotional distress upon Plaintiff, proximately causing Plaintiff to suffer severe mental distress, mental and physical pain, embarrassment, and humiliation which Plaintiff will in the future continue to suffer the same.

31. Defendant TRANS UNION has failed and/or refused to verify the accuracy of the information it has published and continues to publish in Plaintiff's credit reports.

32. The intentional, reckless, and willful violations of the FCRA, federal law and state law of Defendant TRANS UNION has resulted in the negligent and intentional infliction of mental and emotional distress upon Plaintiff proximately causing Plaintiff to suffer severe mental distress, mental and physical pain, embarrassment, and humiliation which Plaintiff will in the future continue to suffer the same;

## COUNT ONE
## DEFENDANT AMSHER
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, *et seq.*

33. Plaintiff restates and reiterates herein all previous paragraphs.

34. Defendant attempted to collect a consumer debt allegedly owed by Plaintiff and the obligation required Plaintiff to pay money arising out of transactions for personal, family, and household purposes. More specifically, the following actions of Defendant violated the FDCPA:

   a) Falsely attempting to collect a debt, by reporting a balance, when there is no legal right to collect the discharged debt;

    b)    Taking illegal actions against Plaintiff;

    c)    Refusing to properly update the accounts;

    d)    Failing to show the accounts as being "disputed" by Plaintiff; and

    e)    Reporting the invalid debt on Plaintiff's credit reports.

35. The foregoing acts and omissions were undertaken by Defendant willfully, intentionally, and knowingly as part of its routine debt collection business and/or in gross reckless disregard of the rights of Plaintiff.

36. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA, 15 U.S.C. § 1692, *et seq.*

37. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for a declaratory judgment that its conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, costs and attorney's fees under 15 U.S.C. 1692k, civil liability [Section 813 of Pub. Law].

## COUNT TWO
## VIOLATIONS OF THE ALABAMA DECEPTIVE TRADE PRACTICES ACT
## ALA. CODE 1975 § 8-19-3, *et seq.*

38. Plaintiff restates and reiterates herein all previous paragraphs.

39. The conduct described herein has caused actual confusion or misunderstanding as to the source, sponsorship, approval, or certification of services within the scope of the Alabama Deceptive Trade Practices Act, Ala. Code § 8-19-3.

40. Said conduct is generally and specifically within the meaning of the Alabama Deceptive Trade Practices Act, Ala. Code § 8-19-3, *et seq.*, and in the course of business that is prohibited, unfair, and deceptive.

41. The foregoing acts and omissions of Defendants were undertaken by them willfully, intentionally, and knowingly as part of their routine debt collection business, and Plaintiff relied upon such representations as being lawful, yet such conduct is prohibited.

42. The conduct described herein has tremendous potential to be repeated where other consumers similarly situated will be treated with the same unscrupulous, unethical, unfair and deceptive acts and practices.

43. Defendants' unfair and deceptive acts have proximately caused emotional and actual damages and Defendants are liable to Plaintiff for such injury.

## COUNT THREE
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681, *et seq.*

44. Plaintiff restates and reiterates herein all previous paragraphs.

45. In the entire course of their actions, Defendants willfully and/or negligently violated the provisions of the FCRA in the following respects:

    a) By willfully and/or negligently failing, in the preparation of the consumer reports concerning Plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information in the reports;

    b) By willfully and/or negligently failing to comport with FCRA section 1681i;

    c) Defaming Plaintiff by publishing to third parties false information regarding Plaintiff's creditworthiness;

    d) Invading the privacy of Plaintiff; and

    e) Failing in their duty to prevent foreseeable injury to Plaintiff.

46. The foregoing acts and omissions were undertaken by Defendants willfully, intentionally,

          and knowingly as part of their routine credit reporting business and/or in gross reckless disregard of the rights of Plaintiff.

47. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FCRA, 15 U.S.C. § 1681, *et seq.*

48. As a result of the above violations of the FCRA, Defendants are liable to Plaintiff for a declaratory judgment that Defendants' conduct violated the FCRA, and Plaintiff's actual damages, statutory damages, and costs and attorney's fees under the FCRA.

## COUNT FOUR
## DEFENDANT AMSHER
## NEGLIGENT, RECKLESS AND WANTON CONDUCT

49. Plaintiff restates and reiterates herein all previous paragraphs.

50. Defendant's acts, as described herein, were done so negligently and without care or concern for the well-being of Plaintiff.

51. As a proximate consequence of Defendant's negligence, Plaintiff has been caused to suffer severe emotional and mental distress.

52. As a result of the Defendant's unlawful acts, Defendant is liable to Plaintiff for actual, compensatory, and punitive damages, and costs and attorney's fees.

## COUNT FIVE
## DEFENDANT AMSHER
## HARASSMENT

53. Plaintiff restates and reiterates herein all previous paragraphs.

54. Defendant's acts, as described herein, were done so intentionally, maliciously, and willfully, and without care or concern for Plaintiff's well being. Defendant's harassing collection tactics created a hostile environment for Plaintiff.

55. Defendants wrongfully exploited Plaintiff in an attempt to coerce Plaintiff into paying the alleged debts.

56. Defendant's communications to Plaintiff were offensive and harassing.

57. As a proximate consequence of Defendant's harassment, Plaintiff has been embarrassed, offended, humiliated, emotionally distressed, and forced to hire the services of an attorney.

## COUNT SIX
## INVASION OF PRIVACY

58. Plaintiff restates and reiterates herein all previous paragraphs.

59. Defendants' conduct, as described herein, constitutes an invasion of Plaintiff's privacy in that it intrudes into Plaintiff's private life, publishes private facts regarding Plaintiff, and places Plaintiff in a false light in the eyes of those to whom the publications are made.

60. As a direct and proximate consequence of Defendants' acts of invading Plaintiff's privacy, Plaintiff has been injured in that Plaintiff has been caused to suffer severe embarrassment, humiliation, and mental and emotional distress.

## COUNT SEVEN
## DEFAMATION

61. Plaintiff restates and reiterates herein all previous paragraphs.

62. Defendants published false information about Plaintiff by reporting to one or more of the CRAs either a false account or balance.

63. Each time the credit reports of Plaintiff were accessed, a new publication occurred, which was the result intended by Defendants.

64. Plaintiff alleges that the publications and defamations were done maliciously, without privilege, and with a willful intent to injure Plaintiff.

65. As a direct and proximate consequence of Defendants' acts of defamation, Plaintiff has been injured in that Plaintiff has been caused to suffer severe embarrassment, humiliation, and mental and emotional distress.

## COUNT EIGHT
## MISREPRESENTATION

66. Plaintiff restates and reiterates herein all previous paragraphs.

67. Defendants intentionally, maliciously, recklessly and/or negligently misrepresented material facts in that they have falsely represented that Plaintiff owes money to that Defendant.

68. Defendants intend that those who review the credit reports of Plaintiff will rely upon the misrepresentations and suppressions of material facts related to the balance owed and the lack of indication that the accounts were discharged in bankruptcy.

69. Defendants have intended that the justifiable and reasonable reliance by others would adversely affect Plaintiff.

70. As a direct and proximate consequence of Defendants' acts of misrepresentation, Plaintiff has been injured in that Plaintiff has been caused to suffer severe embarrassment, humiliation, and mental and emotional distress.

## DECLARATORY AND INJUNCTIVE RELIEF

71. Plaintiff restates and reiterates herein all previous paragraphs.

72. A dispute exists as to whether Defendants have violated the FDCPA, FCRA, Alabama

Deceptive Trade Practices Act, federal law and state law.

73. Plaintiff is entitled to injunctive relief, a declaratory judgment and a determination that Defendants violated the FDCPA, FCRA, Alabama Deceptive Trade Practices Act, federal law, and state law, and Plaintiff is similarly entitled to an order enjoining said acts.

74. As a result of Defendants' actions, omissions and violations, Plaintiff is entitled to actual, compensatory, statutory and/or punitive damages, reasonable attorney's fees, and all costs for time lost at work and litigating this matter.

75. Defendants' actions, omissions, and violations as alleged herein constitute the negligent and intentional infliction of mental and emotional distress upon Plaintiff, proximately causing Plaintiff to suffer great mental distress, mental and physical pain, embarrassment, humiliation, and will in the future to continue to suffer the same.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that judgment be entered against each and every Defendant, jointly and severally, by this Court for the following:

   a) Enter injunctive and corresponding declaratory relief establishing the foregoing conduct of Defendants to be unlawful, enjoining Defendants from continuing to engage in such conduct, and granting such additional equitable relief as may be appropriate;

   b) Award Plaintiff actual damages;

   c) Award Plaintiff punitive damages;

   d) Award Plaintiff state and federal statutory damages;

   e) Award Plaintiff compensatory damages for mental and emotional distress,

humiliation and embarrassment to be determined at trial;

f) Award Plaintiff reasonable attorney's fees and costs of this litigation; and

g) Grant such other and further relief as this Honorable Court deems just and proper.

RESPECTFULLY SUBMITTED this _10_ day of June, 2008.

/s/ Andy Nelms
K. ANDERSON NELMS (NEL022)
2005 Cobbs Ford Road, Suite 301A
Prattville, AL 36066
Phone: (334) 351-1770
Fax: (334) 351-1774
andynelms@andersonnelms.com
ASB-6972-E63K
Counsel for Plaintiff

OF COUNSEL:
Anderson Nelms & Associates, LLC
2005 Cobbs Ford Road, Suite 301A
Prattville, Alabama 36066

**THE DEFENDANTS MAY BE SERVED AT THE FOLLOWING ADDRESSES:**

AMSHER COLLECTION SERVICES, INC.
c/o CSC Lawyers Incorporating Service, Inc.
150 S. Perry Street
Montgomery, Alabama 36104

TRANS UNION, LLC
c/o Prentice-Hall Corporation System, Inc.
150 S. Perry Street
Montgomery, Alabama 36104